

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MARC STOUT,

ROBERT STOUT,

    Plaintiffs

v.                            Case #1:20-cv-147 (RDA/TCB)

SGT. MISCHOU,

LT. BISEK,

    Defendants

**Plaintiffs' Reply to Defendants' Motion to Dismiss**

The defendants state that our complaint asserts mere conclusions and bare accusations not supported by any factual allegations. The defendants want the court to "consider the YouTube filming made by the plaintiffs while on the property and which shows the exact location where they assumed the positions described in order to purposefully draw out police officers solely to film them."

In reply we state:

1. Our complaint contains factual allegations that set forth fair notice of the nature of the claims and the grounds on which our claims rest.
2. We also invite the court to consider our press-related filming and the YouTube media outlet where we publish our content.

The defendants imply that we caused their misconduct by "purposefully drawing them out." The defendants state that drawing the police out was the only purpose for our presence at the police station.

In reply we state:

1. We understand our media presence may have triggered the defendants' fears, insecurities and/or emotional instabilities. Mischou stated in the YouTube video that the plaintiffs weren't allowed to "come and accuse" him. No accusation was ever presented to or leveled against any Manassas City police officer by either plaintiff. The defendants felt drawn out and accused because they were engaging in conduct that is immaterial and irrelevant to this lawsuit and the plaintiffs happened upon the defendants while they were in a state of guilty conscience.
2. As members of the media we have the right to draw police out with our cameras, presence and otherwise lawful and constitutionally-protected behavior. If "the sole purpose of drawing out a police officer to be filmed" is the same as practicing our First Amendment right to freedom of the press and our Fourteenth Amendment right to liberty then we agree with defendants in their assertion.
3. "Purposefully drawing out police" was not the only reason we were present. We were at the police station to flex our constitutional rights against the police the same way they flex their rights against the public.

The defendants state that the police station, police station parking lot, and the specific area of sidewalk where we were practicing our constitutional rights was not publicly accessible.

In reply we state:

1. The entirety of the Manassas City police department, except for the clearly restricted areas, has historically been and was presently at the time dedicated to public access and public use and not to "facilitating the movement of police officers." This is evidenced by the following facts:

   a. Myself and other civilians have frequented the very same area of sidewalk without cameras many times over the course of the years without incident.
   b. Areas restricting public access were clearly marked by signs or fences. There is a clear physical and visual point where public access ends and restricted access begins. There was nothing restricting us from being where we were until two days after the incident when the police department installed signs restricting public access to just the specific area of sidewalk we were standing on. (It is my belief that the signs weren't installed to restrict public access but to protect the department and the officers from civil liability). The area where we were, for the entirety of my life, was not restricted until we showed up with cameras.
   c. The Manassas City police station provides in-person community services to the public and is designated by the city as a "safe space" for the public to be present. The station's parking lots and connected sidewalks, interior lobby, and available outdoor areas presented by Mischou himself for leisure viewing (in the video Mischou invited us to enjoy the aesthetics of the department's outdoor Christmas scenery) have all historically been and presently are open to the public and are not restricted areas.

The defendants state, according to their definition of the term, that the Manassas City police station and its sidewalks are a "non-forum" and not a public forum, that we were present at that forum to engage in "expressive activity," and that because of that we were trespassing.

In reply we state:

1. Manassas City's "Public Forum" page on its website states that the public can gather or assemble "on almost any sidewalk in the City, as long as it does not block other pedestrians or endanger folks from stepping into traffic." (https://www.manassascity.org/926/Use-of-Public-Forum).
2. The police station and its sidewalks do not satisfy the city's definition of "non-forum." Manassas City defines a non-forum as somewhere that isn't safe for the public to be present (and most likely applies to building interiors, not parking lots and sidewalks.) A police station is the safest place the public can be.
3. We were present not only to engage in "expressive activity" but also to practice our right to freedom of the press and to practice our Fourteenth Amendment right to liberty.

The defendants state that the police station sidewalks are not public thoroughfares.

In reply we state:

The curb line that separates the main road from the sidewalk that separates the street from the police station property is the very same curb line that houses the police station's sidewalk system and islands off the pedestrian areas of the police station from the vehicle areas.

"There is no separation, no fence, and no indication whatever to persons stepping from the street to the curb and sidewalks that serve as the perimeter of the [police station] grounds that they have entered some special type of enclave." *United States v. Grace,* 461 U.S. 171 (1983).

The police station's sidewalks are indistinguishable from the other city sidewalks that run along the main road and connect to the police station's sidewalks.

Attached is exhibit A (map of police station with relevant areas marked for visual guidance).

Defendants state that we had no "business" to conduct at the police station and that we "admitted" we didn't have any business to conduct there.

In reply we state:

1. We explained to the defendants more than once in the video that our business there was to practice, amongst other rights, our First Amendment right to freedom of the press.

2. The defendants don't get to determine whether we had business at the police station or not. We don't have to explain anything to them and we don't need their permission. They have no authority. They're supposed to know what the free practice of constitutional rights on a public sidewalk looks like and what criminal activity looks like. They're supposed to know the difference without us having to educate them. As long as our behavior complies with the law and is protected by the Constitution we can wander anywhere and everywhere we want around the police station for any reason and behave just like the police do.

Defendants claim that we "seriously disturbed and disrupted" the operations of the police department and that we impeded the ability of patrons to conduct business.

In reply we state:

1. We understand that police feel disturbed and disrupted when they witness people practicing the very same constitutional rights they fight so hard to erode and circumvent. Our behavior spits in the face of everything they've led themselves to believe about people like us. We get it.

2. The defendants seriously disturbed and disrupted *our* operations and impeded *our* ability to conduct constitutionally-protected business at the police station. The Manassas City police station belongs to me and my brother and the rest of the public, not just the defendants.

The defendants state, in the very same breath, that we were "not arrested or prevented from filming" but also that the reason the police accosted and trespassed us was because our filming "naturally drew attention" and drew the police out of the building.

In reply we state:

1. We were not arrested or prevented from filming but we were trespassed and punished for it which is the same thing.

Defendants claim "this is not a case where police activity triggered filming by either plaintiff."

In reply we state:

1. Cops molest children, rape and abuse their domestic partners, and murder minority civilians.
2. Cops formally and habitually mislead, misrepresent, and lie in attempts to erode and circumvent our constitutional rights. They are dishonest with targets who they approach and accost and they are dishonest with their families, co-workers, supervisors, prosecutors, and judges.
3. Cops violate our rights, evidenced by my case out of the Court of Appeals of Virginia, Stout v. Commonwealth, and aren't held accountable.
4. Cops use consensual encounters with people to circle around and accost them, accuse them, intimidate them, and generally harass them.

5. The defendants themselves are criminals still on the force, evidenced by their personnel files and histories.
6. Police behavior will continue to timelessly serve as a media trigger point.

Attached are exhibits B (a letter from the Manassas City police chief to Marc), C (a letter from the Manassas City police chief to Robert), and D (an email from the Manassas City police chief to Marc), documentation from the Manassas City police chief stating:

1. The location where we were filming was publicly accessible at the time but has since been restricted.
2. The rest of the police station which defendants trespassed us from was and still is publicly accessible.
3. The public may film or photograph from the publicly accessible areas.
4. We were granted access back to the publicly accessible areas that the defendants trespassed us from.
5. Defendant Mischou was reprimanded for the misconduct he was found to have engaged in.

The plaintiffs request that the defendants' motion to dismiss be denied.

### CERTIFICATION OF SERVICE

We certify that a copy of this filing was emailed to the attorney for the defendants on 6/01/2020.

Plaintiffs' signatures hereby present.

*[signatures]*

ROBERT B. STOU





# City of Manassas, Virginia

Integrity, Respect, Public Service and Professional Standing

**Colonel**
**Douglas W. Keen**
*Chief of Police*

**Captain**
**Tina P. Laguna**
*Assistant Chief of Police*
*Patrol Services*
*Division Commander*

**Captain**
**Brian K. Larkin**
*Assistant Chief of Police*
*Administrative Services*
*Division Commander*

**Captain**
**Victor P. Hatcher**
*Assistant Chief of Police*
*Investigative Services*
*Division Commander*

February 5, 2020

Marc Stout
30 Willow Branch Place
Fredericksburg, VA 22405

**RE: Police Department Encounter**

Dear Mr. Stout,

On December 23, 2019 you filed a complaint with the Manassas City Police Department ("MCPD") alleging that you had been removed or trespassed from Police Department property "for what appears to be filming". You also allege that the MCPD officer involved in your encounter refused to provide information regarding the filing of a complaint with the Department. Your report of alleged misconduct by a member of this Department prompted a thorough investigation of the incidents you described.

Careful examination and evaluation of the evidence was conducted. The evidence included speaking with involved witnesses and viewing body worn camera (BWC) footage, which you are welcome to view at the Manassas City Police Department.

While the evidence confirmed that you were removed from a portion of the Department's property to the public sidewalk immediately in front of the Department, there is no evidence that it was the result of your filming, as evidenced by the fact that you continued to film the entire encounter with the officers involved. You were never told that you could not film, and there was no attempt by any MCPD personnel to take your camera from you. The allegation that you were removed from the property because you were filming is therefore unfounded.

The evidence did confirm that the MCPD officer did not respond to your request for information regarding the filing of a complaint against the Department. That complaint is therefore sustained, and has been addressed with the officer involved. For future reference complaints against the MCPD or any of its officers may be directed to Lieutenant J. Martz in the Office of Professional Standards. Lieutenant Martz can be reached at 703-257-8028.

Immediately prior to your encounter with the MCPD officers you and / or your brother appeared to be filming directly into the private offices of members of the MCPD command staff. At that time the area where you appeared to be filming had

"A Nationally Accredited Law Enforcement Agency"

**City of Manassas Police Department**
9518 Fairview Avenue
Manassas, Virginia 20110
703-257-8000 / Fax: 703-368-6966
www.manassascity.org



no signage restricting public access. Access to that area has now been restricted by signage posted in a prominent area; members of the public are not allowed to be present in that area unescorted by authorized MCPD personnel. Unsigned outdoor areas on MCPD property remain open to members of the public, who can continue to film and / or take photographs.

Please be assured, that we desire to provide the best possible police service and are appreciative when given the opportunity to clarify such matters.

If you desire further information regarding the investigation please contact Lieutenant J. Rust at 703-257-8025.

Sincerely,

*Douglas W. Keen*

Douglas W. Keen
Chief of Police


Case 1:20-cv-00147-RDA-TCB   Document 13   Filed 06/02/20   Page 11 of 14 PageID# 64

# City of Manassas, Virginia

Integrity, Respect, Public Service and Professional Standing

**Colonel**
**Douglas W. Keen**
*Chief of Police*

**Captain**
**Tina P. Laguna**
*Assistant Chief of Police*
*Patrol Services*
*Division Commander*

**Captain**
**Brian K. Larkin**
*Assistant Chief of Police*
*Administrative Services*
*Division Commander*

**Captain**
**Victor P. Hatcher**
*Assistant Chief of Police*
*Investigative Services*
*Division Commander*

February 5, 2020

Robert Stout
30 Willow Branch Place
Fredericksburg, VA 22405

**RE: Police Department Encounter**

Dear Mr. Stout,

On December 30, 2019 you filed a complaint with the Manassas City Police Department ("MCPD") alleging that you were told that you could not take pictures or record in outside public areas at the Police Department. You also alleged that the MCPD officer involved in your encounter prevented you from recording by "putting his hands on me". Your report of alleged misconduct by a member of this Department prompted a thorough investigation of the incidents you described.

Careful examination and evaluation of the evidence was conducted. The evidence included speaking with involved witnesses and viewing body worn camera (BWC) footage, which you are welcome to view at the Manassas City Police Department.

Our investigation did not disclose any evidence that the officers you encountered told you that you could not take pictures or record on the property of the MCPD. You were never told that you could not film, and there was no attempt by any MCPD personnel to take your camera from you. The BWC footage showed you and the individual you were with, who we understand to be your brother, appearing to film during the entire time you were on MCPD property. Our conclusion is that your allegation that you were told you could not film or photograph while on MCPD property is unfounded.

Our review of the evidence did disclose that an MCPD office briefly put his hand on you, until you verbally confirmed that you were following his direction. While the officer was engaged with your brother you approached the officer and appeared to be moving behind him. The officer twice directed you to not stand behind him, but you verbally indicated your non-compliance. At that point the officer had a reasonable concern about his personal safety, and made the decision to escort you to the public sidewalk immediately in front of the police station. Under the circumstances the officer's brief touching was not excessive, and you appeared to continue to film the entire incident. The allegation that the officer prevented you from recording by putting his hands on you is therefore unfounded.
"*A Nationally Accredited Law Enforcement Agency*"



**City of Manassas Police Department**
9518 Fairview Avenue
Manassas, Virginia 20110
703-257-8000 / Fax: 703-368-6966
www.manassascity.org



Case 1:20-cv-00147-RDA-TCB   Document 13   Filed 06/02/20   Page 12 of 14 PageID# 65

Page 2

While it was not a part of your complaint we did note that once you reached the public sidewalk in front of the Police Department the officer made the remark that he could trespass someone from the property "for any reason". That is obviously not correct and does not represent the policy of the MCPD. This issue has been addressed with the officer involved.

Immediately prior to your encounter with the MCPD officers you and / or your brother appeared to be filming directly into the private offices of members of the MCPD command staff. At that time the area where you were filming had no signage restricting public access. Access to that area has now been restricted by signage posted in a prominent area; members of the public are not allowed to be present in that area unescorted by authorized MCPD personnel. Unsigned outdoor areas on MCPD property remain open to members of the public, who can continue to film and / or take photographs.

Please be assured, that we desire to provide the best possible police service and are appreciative when given the opportunity to clarify such matters.

If you desire further information regarding the investigation please contact Lieutenant J. Rust at 703-257-8025.

Sincerely,

*Douglas W. Keen*

Douglas W. Keen
Chief of Police



Legalize Drugs <formulafocused@gmail.com>

## RE: [EXT]:Mischou Complaint
1 message

**Doug Keen** <DKeen@ci.manassas.va.us>　　　　　　　　　　　　　　　　　　Tue, Feb 4, 2020 at 11:22 AM
To: Jacob Martz <jmartz@ci.manassas.va.us>, James Rust <jrust@ci.manassas.va.us>, "formulafocused@gmail.com" <formulafocused@gmail.com>
Cc: Craig Brown <cbrown@ci.manassas.va.us>, Tina Laguna <TLaguna@ci.manassas.va.us>, Brian Larkin <BLarkin@ci.manassas.va.us>

Good morning. We are in the final stages of the written responses back to you and your brother. However, you are not "trespassed" from the public access areas of the police department grounds. Chief Keen

*Chief Douglas W. Keen*

Manassas City Police

9518 Fairview Ave.

Manassas, Va. 20110

703-257-8001


**From:** Jacob Martz
**Sent:** Tuesday, February 4, 2020 11:04 AM
**To:** James Rust <jrust@ci.manassas.va.us>
**Cc:** Craig Brown <cbrown@ci.manassas.va.us>; Doug Keen <DKeen@ci.manassas.va.us>
**Subject:** FW: [EXT]:Mischou Complaint

Fyi


Lieutenant Jake Martz

Office of Professional Standards

Manassas City Police Department

703-257-8028 (Desk)
703-368-6966 (Fax)

jmartz@manassasva.gov

DISCLAIMER:

This e-mail message and any attached files are for the sole use of the intended recipient(s) and may contain privileged, confidential or otherwise protected from disclosure information. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

------- Original message -------

From: Formula Focused <formulafocused@gmail.com>

Date: 2/4/20 10:53 (GMT-05:00)

To: Jacob Martz <jmartz@ci.manassas.va.us>

Subject: [EXT]:Mischou Complaint

[EXTERNAL]

Did you get everything squared away? What's the determination? Am I still trespassed?